**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEROICA FOUNDATION, operating as EQUAL MEANS EQUAL; and SABRINA HAMDAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG BROWN, in his official capacity as Acting Director of the Selective Service System; and SELECTIVE SERVICE SYSTEM, an independent agency within the Executive Branch of the Federal Government,<br><br>Defendants. | Case No. 1:26-cv-11777 |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff HEROICA FOUNDATION, operating as EQUAL MEANS EQUAL, and Plaintiff SABRINA HAMDAN, by their undersigned attorneys, for their complaint against Defendant CRAIG BROWN, in his official capacity as Acting Director of the Selective Service System, and Defendant SELECTIVE SERVICE SYSTEM, an independent agency within the Executive Branch of the Federal Government, allege as follows:

## INTRODUCTION

1. This is a challenge to the constitutionality of the Military Selective Service Act ("MSSA"), 50 U.S.C. § 3801 et seq., a federal law that requires "every male citizen" age 18 to 26 to register for the draft but forbids women of any age to do the same. Plaintiff Sabrina

Hamdan is a woman between the ages of 18 and 26. She attempted to register for Selective Service, but her application was rejected solely because she is a woman. Plaintiff Heroica Foundation is a nonprofit organization that represents women and advocates for women's equality. Heroica Foundation brings this action on behalf of Equal Means Equal ("EME"), one of Heroica Foundation's projects, and its members, including Plaintiff Sabrina Hamdan. Plaintiffs bring this case as a class action on behalf of registration-age women for declaratory and injunctive relief.

**PARTIES**

1. EME is a project of Plaintiff Heroica Foundation, a national 501(c)(3) organization. EME's sole mission is to establish women's equality under the United States Constitution. EME has been a national leader in the fight for women's equality for many years.

2. Plaintiff Sabrina Hamdan is a woman between the ages of 18 and 26. She is a resident of Illinois and a member of EME.

3. Defendant Selective Service System is an independent agency within the Executive Branch of the Federal Government. The Selective Service System collects and maintains information on individuals who register for the draft.

4. Defendant Craig T. Brown is Acting Director of the Selective Service System.

**JURISDICTION**

5. Plaintiffs bring this action principally under the Twenty-Eighth Amendment to the United States Constitution, (the "Equal Rights Amendment" or "ERA"), which guarantees equality of rights without regard to sex and requires strict scrutiny of government classifications based on sex. Plaintiffs further bring this action under the equal protection component of the Due Process Clause of the Fifth Amendment, as informed and strengthened by the ERA. The ERA

states, "Equality of rights shall not be denied or abridged by the United States or by any state on account of sex." The Due Process Clause of the Fifth Amendment has been interpreted to prohibit the federal government from denying equal protection of the laws. *Bolling v. Sharpe*, 347 U.S. 497 (1954); *David v. Passman*, 442 U.S. 228, 234 (1979).

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**VENUE**

7. Venue is proper because Plaintiff Sabrina Hamdan resides in this District and events giving rise to this action occurred in this District.

**FACTS**

8. The United States has not had a military draft since 1973, but it does currently have a Selective Service System that requires men between the ages of 18 and 26 to register for the draft. Women of any age are forbidden to register.

9. On September 2, 2026, Plaintiff Sabrina Hamdan attempted to register for Selective Service by submitting her name and other required information through the Selective Service System website, https://www.sss.gov/register/. The first question in the form asked her to check a box indicating whether she is male or female. After Ms. Hamdan indicated her sex as female and attempted to register, the website generated a response stating, "Women are not required to register." As recently as September 2025, the website displayed a note stating, "Current law does not *permit* females to register" (emphasis added). Ms. Hamdan checked the box for female and submitted her application. Her registration was rejected solely because she is a woman. She is otherwise qualified to register for Selective Service.

10. The Supreme Court previously ruled that it is not unconstitutional under the Fifth Amendment to deny women the opportunity to register for Selective Service. *Rostker v.*

*Goldberg*, 453 U.S. 57 (1981). However, *Rostker* was decided before ratification of the ERA and under a constitutional framework that treated sex classifications as subject only to intermediate scrutiny. The constitutional question presented here is whether that framework remains viable after ratification of the ERA.

11. *Rostker*'s constitutional analysis cannot remain controlling after ratification of the ERA because it rested on a constitutional framework that employed intermediate scrutiny for sex classifications. Intermediate scrutiny cannot be sustained under the ERA. Therefore, *Rostker*'s constitutional analysis can no longer control this dispute.

12. *Rostker* was decided at a time when women were forbidden to engage in combat. This was the rationale behind the Supreme Court's decision to uphold the constitutionality of the MSSA. Since 2015, women have been permitted to engage in combat in all military branches. Bill Chappell, *Pentagon Says Women Can Now Serve in Front-Line Ground Combat Positions*, National Public Radio (Dec. 3, 2015). The National Commission on Military, National, and Public Service asserted its view that women should be allowed to register for Selective Service. *Inspired to Serve*, The Final Report of the National Commission on Military, National, and Public Service 111-23 (Mar. 2020). These changed facts demonstrate that, even if *Rostker*'s reasoning once satisfied intermediate scrutiny, the categorical exclusion of women cannot survive the more demanding strict scrutiny review required by the ERA.

13. Ms. Hamdan was harmed because Defendants intentionally excluded her from Selective Service solely because she is a woman.

14. Plaintiffs and members of the proposed Class have suffered injury through exclusion from participation in the Selective Service System on account of sex.

15. Existing equal protection doctrine subjects sex classifications to intermediate scrutiny. Plaintiffs contend that ratification of the ERA altered that framework and now requires strict scrutiny.

16. This lawsuit asks the Court to recognize that the ERA altered the constitutional framework governing sex-based classifications. Government distinctions based on sex must now satisfy strict scrutiny. Accordingly, the MSSA's categorical exclusion of women is unconstitutional.

**CLASS ACTION ALLEGATIONS**

17. Plaintiffs bring this action on their own behalf and on behalf of all registration-age women pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

18. Plaintiffs seek certification of the following Class: all women between the ages of 18 and 26 in the United States who are eligible for Selective Service registration but are excluded because of sex.

19. Excluded from the Class is any member of the family of (1) any judge or magistrate presiding over this action and (2) any Defendants.

20. As defined, the Class meets all requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

21. The Class is so numerous that joinder of all members is impractical. The Class consists of millions of women currently eligible for registration but excluded because of sex.

22. There are questions of fact and law common to the Class, including whether the MSSA violates the ERA and whether the MSSA violates the Fifth Amendment as it is interpreted to be consistent with the ERA.

23. Plaintiffs' claims are typical of the claims of the Class they would represent. Ms. Hamdan represents the Class, and the organizational Plaintiffs represent broader interests affecting all women. All Plaintiffs are harmed in the same way because the nature of the discriminatory injury is the same for all women. Likewise, Plaintiffs seek the same relief as to all Class members they would represent.

24. Plaintiffs will fairly and adequately protect the rights and interests of the Class and have retained counsel with experience in similar litigation. They are committed to the vigorous prosecution of this suit and have no interests adverse to the Class.

25. The requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met because Defendants have acted on grounds generally applicable to the Class, and final injunctive and declaratory relief is appropriate for the Class as a whole. The MSSA applies to every member of the Class and causes the same injuries. The remedies sought would affect every member of the Class.

26. All members of the Class have suffered or will suffer injury as a result of the MSSA's discriminatory exclusion of women. Some members of the Class may suffer the additional injury of personal rejection after attempted registration, but all Class members suffer the same discriminatory exclusion based solely on their status as women.

## COUNT I
## Twenty-Eighth Amendment to the United States Constitution

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

28. Sex-based classifications are inherently suspect because they distribute legal rights and obligations based solely on sex.

29. An amendment duly proposed by Congress becomes part of the Constitution when three-fourths (38) of the states ratify it. U.S. Const. art. V. Congress proposed the ERA in 1972,

and Virginia became the 38th state to ratify it on January 27, 2020. Accordingly, the ERA received ratification by 38 states, satisfying Article V's textual ratification requirement. The ERA's text imposes a direct constitutional prohibition and requires no implementing legislation to be judicially enforceable. Accordingly, individuals whose rights are denied or abridged on account of sex may seek judicial enforcement of the ERA. Moreover, any ratification deadline contained outside the Amendment's text is constitutionally ineffective and cannot prevent incorporation of the ERA.[1] Therefore, the ERA is valid and self-executing.

30. Constitutional provisions expressly prohibiting government discrimination against a protected class traditionally require the most demanding judicial review. Because the ERA expressly forbids denial or abridgment of rights on account of sex, classifications based on sex should be treated as inherently suspect.

31. Intermediate scrutiny permits some governmental classifications based on sex. The ERA's command that equality of rights shall not be denied or abridged on account of sex is inconsistent with a constitutional framework that tolerates sex-based distinctions when supported by merely important governmental interests. Accordingly, classifications based on sex must be subjected to strict scrutiny.

32. Properly interpreted, the ERA's prohibition on denial or abridgement of rights on account of sex requires courts to apply strict scrutiny to federal classifications based on sex.

---

[1] *See, e.g.*, H.R.J. Res. 25, 118th Cong. (as introduced Jan. 31, 2023); ABA House of Delegates, Res. 601 (2024) (passed by acclamation); Statement from President Biden on the ERA, 2025 DAILY COMP. PRES. DOC. 88 (Jan. 17, 2025); Gillibrand Statement on President Biden Declaring the ERA as the Law of the Land (Jan. 17, 2025), https://www.gillibrand.senate.gov/news/press/release/gillibrand-statement-on-president-biden-declaring-the-era-as-the-law-of-the-land/ [https://perma.cc/9ZD6-XWRQ]; Laurence Tribe and Kathleen M. Sullivan, *The Equal Rights Amendment at Long Last*, CONTRARIAN (Jan. 17, 2025), https://www.contrariannews.org/p/the-equal-rights-amendment-at-long [https://perma.cc/YEV3-EE6V].

33. The MSSA expressly classifies by sex.

34. The MSSA cannot satisfy strict scrutiny.

35. *Rostker*'s constitutional analysis is no longer controlling following the ratification of the ERA.

36. Defendants have denied Plaintiffs equality of rights by prohibiting Plaintiffs from registering for Selective Service.

37. Prohibiting Plaintiffs from registering for Selective Service serves no compelling government interest, is not narrowly tailored to serve any compelling government interest, and is not the least restrictive means of achieving any compelling government interest.

38. The categorical exclusion of women from Selective Service registration serves no compelling government interest, is not narrowly tailored to serve any compelling government interest, and is not the least restrictive means of achieving any compelling government interest.

39. Therefore, Plaintiffs and members of the proposed Class have suffered injury through the denial of equal protection in the Selective Service System on account of sex.

**COUNT II**
**Fifth Amendment to the United States Constitution**

40. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

41. The equal protection component of the Fifth Amendment's Due Process Clause must be interpreted consistently with the ERA.

42. After ratification of the ERA, sex classifications are constitutionally suspect and therefore subject to strict scrutiny.

43. Prohibiting Plaintiffs from registering for Selective Service serves no compelling government interest, is not narrowly tailored to serve any compelling government interest, and is not the least restrictive means of achieving any compelling government interest.

44. The categorical exclusion of women from Selective Service registration serves no compelling government interest, is not narrowly tailored to serve any compelling government interest, and is not the least restrictive means of achieving any compelling government interest.

45. Therefore, Plaintiffs and members of the proposed Class have suffered injury through exclusion from participation in the Selective Service System on account of sex.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class they seek to represent, respectfully request that this Court grant declaratory and injunctive relief in their favor and order the following relief:

A. Issue a declaratory judgment that the ERA is part of the Constitution;

B. Issue a declaratory judgment that classifications based on sex are subject to strict scrutiny under the ERA and the Fifth Amendment;

C. Issue a declaratory judgment that the categorical exclusion of women from Selective Service registration is unconstitutional under the ERA;

D. Issue a declaratory judgment that prohibiting Plaintiffs from registering for Selective Service is unconstitutional under the ERA;

E. Issue a declaratory judgment that the categorical exclusion of women from Selective Service registration is unconstitutional under the Fifth Amendment;

F. Issue a declaratory judgment that prohibiting Plaintiffs from registering for Selective Service is unconstitutional under the Fifth Amendment;

G. Issue an injunction prohibiting the exclusion of Plaintiffs from Selective Service registration;

H. Issue an injunction prohibiting the exclusion of women from Selective Service registration;

I. Award Plaintiffs reasonable attorney's fees, expenses, and costs as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable provision of law;

J. Grant any and all other relief deemed just and proper.

A jury trial is requested on all claims so triable.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Leah Gould*
Leah Gould
DC Bar #1046873
Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-8373
leah.gould@law.northwestern.edu

Laura J. Young
ARDC # 6276213
Nielsen Zehe & Antas, P.C.
55 W. Monroe St., Ste. 1800
Chicago, IL 60603
(312) 635-1838
lyoung@nzalaw.com